NOD

CTJ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U S DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 28 1999
NANCY DOHERTY, CLERK
By ______
Deputy

| | | |
|---|---|---|
| STEPHEN G. COPPOCK, et al. | ) | |
| Plaintiffs, | ) | |
| vs. | ) | 399CV2942-T |
| | ) | Civil Action Number:______ |
| NORTHROP GRUMMAN CORPORATION, | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Northrop Grumman Corporation hereby gives notice pursuant to 28 U.S.C. § 1446 that the above-styled action, filed in the 14th Judicial District Court of Dallas County, Texas, Cause No. DV 99-5904, is removed to the United States District Court for the Northern District of Texas, Dallas Division. The following grounds support removal in this action:

1. At the time of the commencement of the state action and at the time of this removal notice, Plaintiffs are and were citizens of Texas.

2. At the time of the commencement of the state action and at the time of this removal notice, Defendant Northrop Grumman Corporation was and is a Delaware Corporation with its principal place of business in Los Angeles, California, and is therefore a citizen of Delaware and California.

3. Defendant Northrop Grumman Corporation is not a citizen of Texas.

4. Plaintiffs have sued Defendant in this class action under several different theories, which appear to include negligence, gross negligence, negligence per se, trespass, private nuisance, and public nuisance. In this regard, Plaintiffs have alleged that they have suffered damages, which Defendant alleges and Plaintiffs admit are aggregated to $600,000.00 for each plaintiff, or a total of $7,650,000.00.

5. This Court therefore has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332, and this action is removable pursuant to 28 U.S.C. § 1441 since the amount in controversy as to each Plaintiff exceeds $75,000.00 and there is complete diversity of citizenship.

6. This action was commenced on August 2, 1999. Plaintiffs served defendant with an amended petition on December 3, 1999. In the amended petition, plaintiffs for the first time claimed monetary damages in a fixed amount. Until then, Northrop Grumman could not ascertain that plaintiffs sought in excess of $75,000. Notice of Removal is therefore timely filed because it is filed within thirty (30) days after receipt by Defendant of a copy of the pleading from which it could first be ascertained that the case is one which is or has become removable, but less than one (1) year after commencement of the action.

7. A jury demand has been made.

8. This Notice of Removal is accompanied by copies of all documents filed in the state court litigation.

Respectfully submitted,

GARDERE & WYNNE, L.L.P.

By: ______________________

Douglas S. Lang
SBOT ID# 11895500
Susan M. Halpern
SBOT ID# 08805400

3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
Telephone 214-999-3000
Facsimile 214-999-4667

ATTORNEYS FOR DEFENDANT
NORTHROP GRUMMAN
CORPORATION

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing pleading has been served upon counsel listed below, as indicated, on this 28th day of December, 1999:

David K. Line
The Line Lawfirm, P.C.
2020 Cityplace Center East
2711 North Haskell Avenue
Dallas, Texas 75204

*via CMRRR* #Z 699 000 358

Benton Musslewhite
Law Offices of Benton Musslewhite
2400 Augusta Drive, Suite 110
Houston, Texas 77057

*via CMRRR# Z* 699 000 270

Douglas S. Lang